IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No. 3:20-CR-64-TAV-DCP |
| PAUL A. FITZANKO, | ) ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District Court as may be appropriate. This case is before the Court on Defendant Fitzanko's Motion to Continue [Doc. 12], filed on September 9, 2020.

Defendant Fitzanko requests for the Court to continue the October 6, 2020 trial date in this case, claiming that defense counsel needs additional time to complete his investigation into the facts and circumstances of Defendant's case in order to advise him of the best possible resolution. Further, the motion states that Defendant understands that the period of time between the filing of the motion and the rescheduled trial date shall be fully excludable for speedy trial purposes. The motion also relates that the Government does not object to the requested continuance. The parties have conferred with Chambers and agreed on a new trial date of February 23, 2021.

The Court finds Defendant's motion to continue the trial and other deadlines to be unopposed by the Government and to be well-taken. The Court also finds that the ends of justice served by granting a continuance outweigh the interest of Defendant and the public in a speedy trial. 18 U.S.C. § 3161(h)(7)(A). The Indictment [Doc. 1] charges Defendant with receipt of child

pornography, in violation of 18 U.S.C. § 22552A(a)(2), as well as possession with intent to view child pornography, in violation of 18 U.S.C. § 2252A(a)(5)(b), with both counts also containing forfeiture allegations. Assistant Federal Defender Bobby Hutson, Jr., relates that he needs additional time to resolve pretrial matters and to prepare the case for trial. The Court finds that without a continuance, defense counsel would not have the reasonable time necessary to prepare for trial, despite counsel's exercise of due diligence. *See* 18 U.S.C. § 3161(h)(7)(B)(iv).

Accordingly, Defendant's unopposed motion [**Doc. 12**] to continue the trial date is **GRANTED**, and the trial is reset to **February 23, 2021**. The Court finds that all the time between the filing of the motion for a continuance on **September 9, 2020**, and the new trial date of **February 23, 2021**, is fully excludable time under the Speedy Trial Act for the reasons set forth herein. *See* 18 U.S.C. § 3161(h)(1)(D) & -(7)(A)-(B). With regard to additional scheduling in this case, the deadline for filing pretrial motions is extended to **October 27, 2020**. Responses to pretrial motions are due on or before **November 10, 2020**. The parties are to appear before the undersigned for a final pretrial conference on **February 9, 2021, at 11:00 a.m.** This date shall also be the deadline for concluding plea negotiations and providing reciprocal discovery. The Court instructs the parties that all motions *in limine* must also be filed no later than **February 8, 2021**. Special requests for jury instructions shall be submitted to the District Judge no later than **February 10, 2021** and shall be supported by citations to authority pursuant to Local Rule 7.4.

Accordingly, it is **ORDERED** as follows:

(1) Defendant's Motion to Continue [**Doc. 12**] is **GRANTED**;

(2) The trial of this matter is reset to commence on **February 23, 2021**, **at 9:00 a.m.**, before the Honorable Thomas A. Varlan, United States District Judge;

(3) All time between the filing of the motion on **September 9, 2020**, and the new trial date of **February 23, 2021**, is fully excludable time under the Speedy Trial Act for the reasons set forth herein;

(4) The deadline for filing pretrial motions is extended to **October 27, 2020**. Responses to pretrial motions are due on or before **November 10, 2020**;

(5) The parties are to appear before the undersigned for a final pretrial conference on **February 9, 2021 at 11:00 a.m.** This date is also the deadline for concluding plea negotiations and for providing reciprocal discovery;

(6) The Court instructs the parties that all motions *in limine* must be filed no later than **February 8, 2021**; and

(7) Special requests for jury instructions shall be submitted to the District Judge no later than **February 12, 2021**, and shall be supported by citations to authority pursuant to Local Rule 7.4.

**IT IS SO ORDERED.**

ENTER:

*Debra C. Poplin*
Debra C. Poplin
United States Magistrate Judge